IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEAN A. SHIRAH, | * |
| Plaintiffs, | * |
| VS. | * CV 09-832 |
| TELECHECK SERVICES, INC., | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Jean A. Shirah, by and through her undersigned attorney, and for her Complaint against the Defendant named in the above-styled matter, show as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. §1681p and 28 U.S.C. 1367. Plaintiff also asserts state claims as to which this Court has pendant jurisdiction.

### PRELIMINARY STATEMENT

This case arises from the reporting of false information to the Plaintiff's credit file maintained by Telecheck and the refusal or failure to remove that information and Plaintiff disputed the information. Plaintiff asserts various claims against Defendant, including claims for failure to comply with the requirements of the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681, as well as state law claims.

### PARTIES

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant TeleCheck Services, Inc. ("TeleCheck") is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Deleware.

### BACKGROUND FACTS

3. On September 1, 2009, Plaintiff attempted to write checks at Walmart and Rite Aid. After receiving the denials, Plaintiff contacted TeleCheck at the numbers provided and explained

that she has not written any bad checks and should not have adverse information in TeleCheck's database. The Plaintiff was informed by the TeleCheck representative that Plaintiff's driver's license number was incorrectly attached to an account of someone in Texas or Oklahoma who was writing bad checks. The representative requested that Plaintiff write to TeleCheck a letter explaining what had happened and providing copies of the check decline notices.

4. On September 2, 2009, Plaintiff, as instructed, wrote a dispute letter to TeleCheck explaining that her driver's license number was incorrectly associated with someone else and that there should be no adverse information in their system regarding Plaintiff. Plaintiff further provided a copy of a voided check from her checking account which clearly indicated that the whatever bad checks were being reported in Plaintiff's name were not being written from her checking account. Plaintiff also provided other identifying information as requested by TeleCheck. This letter was mailed and faxed to TeleCheck.

5. TeleCheck failed to provide any response, written or otherwise, to Plaintiff's dispute. Moreover, TeleCheck failed to remove the false and derogatory information incorrectly even after it had acknowledged that the information was false.

6. On or about October 2, 2009, Plaintiff attempted to write a check at Rite Aid and again was declined due to a TeleCheck report.

## COUNT ONE
### (FCRA VIOLATIONS BY TELECHECK)

7. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

8. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant TeleCheck pursuant to 15 U.S.C. § § 1681o and 1681n.

9. TeleCheck is a "consumer reporting agency" as that term is defined in FCRA.

10. TeleCheck has reported false and derogatory credit information relating to Plaintiff. This information was reported to third parties, including merchants, and used by merchants in

assessing Plaintiff's creditworthiness and in determining whether to accept or reject checks written by Plaintiff. This false and derogatory information was, at all relevant times, reported by TeleCheck to said third parties by a "consumer report" as that term is defined in the FCRA.

11. TeleCheck continued to report the false and derogatory information after it knew or should have know that the information was false.

12. Plaintiff notified TeleCheck that the information being reported on her credit file was false and requested a correction.

13. TeleCheck failed in its duty to reasonably investigate Plaintiff's dispute and its duty to remove false information upon investigation of that dispute. TeleCheck continued to report the false information, knowing that it would cause Plaintiff damage and after it knew or should have known that the information was false. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file and was reported to others.

14. TeleCheck also failed to provide to Plaintiff any written response to her dispute as required by FCRA.

15. Defendant TeleCheck failed to comply with the requirements of the FCRA in one or more of the following ways:

    A. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

    B. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

    C. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i(a)(6), by failing to provide to Plaintiff written notice of the results of its investigation of Plaintiff's dispute.

D.  By willfully and/or negligently failing to delete information which TeleCheck knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

E.  By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

16. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to write checks; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

17. TeleCheck's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

18. TeleCheck's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiffs to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant TeleCheck for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT TWO
### (NEGLIGENCE)

19. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

20. TeleCheck at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing the information maintained and reported to others regarding Plaintiff.

21. TeleCheck breached the duties owed to Plaintiff. TeleCheck's management of the information collected regarding Plaintiff constitutes negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against TeleCheck for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT THREE
### (WANTONNESS)

22. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

23. TeleCheck wantonly mismanaged the information maintained regarding Plaintiff and the information provided to others regarding Plaintiff. Those actions were made with the knowledge that the information regarding Plaintiff was false and derogatory and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of TeleCheck wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT FOUR
### (DEFAMATION)

24. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

25. TeleCheck published false and defamatory information to third parties, stating that Plaintiff had written bad checks when TeleCheck knew or should have known that such information was false and derogatory. Plaintiff requested that TeleCheck retract this reporting. The third parties to whom this false information was published included merchants in a position of assessing Plaintiff's creditworthiness and in determining whether to accept or reject checks written by Plaintiff.

26. As a result of the publication of this false and derogatory information, Plaintiff suffered damage.

27. The defamatory conduct, actions and inactions of TeleCheck were malicious, willful, deliberate and intentional. The defamation was conducted with malice and/or with willful intent to injure Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant TeleCheck for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

KENNETH J. RIEMER
Attorney for Plaintiff
Post Office Box 1206
Mobile, AL 36633
(251) 432-9212
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

TeleCheck Services, Inc.
c/o CSC-Lawyers Incorporating Svc Inc.
150 S Perry Street
Montgomery, AL 36104